**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LISA G. MORRIS,
Plaintiff-Appellant,

v.

JAMES R. WOODLEY, Individually and
in his capacity as Sheriff of

No. 99-1047

Brunswick County; BRUNSWICK
COUNTY SHERIFF'S DEPARTMENT,
Defendants-Appellees,

COMMUNITY MEMORIAL
HEALTHCENTER,
Movant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-98-171)

Argued: May 2, 2000

Decided: May 24, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Wayne Partin, MEZZULLO & MCCANDLISH,
P.C., Richmond, Virginia, for Appellant. Sharon Maitland Moon,

LECLAIR RYAN, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** Richard L. Locke, Karen Lee Starke, MEZZULLO & MCCANDLISH, P.C., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lisa Morris Campbell (a disabled white woman confined to a wheelchair) brought this action against her former employer, James R. Woodley (an African-American man), the Sheriff of Brunswick County, Virginia, and the Brunswick County Sheriff's Department. Ms. Campbell alleged that Sheriff Woodley and the Department created a hostile work environment and terminated her because of her race and disability in violation of Title VII, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1981 and § 1983. She also alleged various state law claims. After the district court dismissed with prejudice all but one of the state claims, the court granted Sheriff Woodley and the Department summary judgment on all of Ms. Campbell's federal claims and dismissed the remaining state claim without prejudice. We affirm.

I.

Sheriff Woodley and Ms. Campbell have known each other most of their lives. In February 1992, shortly after Sheriff Woodley took office, he hired Ms. Campbell as a part-time dispatcher; in October 1992, he selected her to fill a vacant full-time dispatcher position, and reappointed her to that position after winning re-election in 1995.

In November 1995, Sheriff Woodley placed Ms. Campbell on ninety-day probation for allegedly abusing the office's sick leave policy during the preceding two and one-half months. On June 1, 1996,

Ms. Campbell broke her leg and due to complications was out of the office for approximately two months. According to Sheriff Woodley, she made almost no effort during that period to keep him informed as to the reason for her absence or the prospects for her return.

On July 31, 1996, Sheriff Woodley informed Ms. Campbell that her employment would terminate effective August 5, 1996. Ms. Campbell contends that in fact Sheriff Woodley fired her because of her race and disability, and that he subjected her to a hostile work environment and harassment. She also alleges that after Sheriff Woodley fired her he defamed her when a prospective employer called him for a reference.

II.

The district court carefully considered the facts in the record and concluded that "even viewed in the light most favorable to Campbell, the evidence is insufficient to support a finding that Woodley's stated explanation for his decision [to terminate Ms. Campbell's employment] is false." The court reasoned that "[e]ven assuming that there is reason to doubt the credibility of Woodley's explanation, there is insufficient evidence to support a jury finding that racial or disability-based discrimination was more likely than not the real reason for the termination." The court explained that, assuming the incidents upon which Ms. Campbell relied as demonstrating illegal animus were true, they revealed at most that "Woodley was mean to Campbell on occasion" but that "[t]o prevail on her discriminatory termination claims, Campbell must persuade a jury by a preponderance of the evidence that Sheriff Woodley fired her because she is white or because she is disabled. She cannot do so." (Emphasis in original).

The district court also rejected Ms. Campbell's hostile work environment and disability-based harassment claims. The court found that Ms. Campbell had produced no evidence of frequent or sufficiently abusive conduct that interfered with her job performance, particularly in light of her testimony that she "loved her job" and that she "would have returned to work . . . had Sheriff Woodley not terminated her." For these reasons the district court granted summary judgment to Sheriff Woodley and the Department on all federal claims. Without

3

an independent basis for federal jurisdiction, the court dismissed the remaining state claim without prejudice.

After having the benefit of oral argument and carefully reviewing the briefs, record, and controlling legal authorities, we conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well reasoned opinion. See Lisa G. Morris v. James R. Woodley, No. 3:98CV171 (E.D. Va. Dec. 7, 1998).

AFFIRMED

4